Filed 2/24/26  P. v. Holmes CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B340320 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA090560) |
| v. | |
| REGINALD HOLMES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, John J. Lonergan, Judge.  Affirmed with directions.

Christina Vanarelli, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Chief Assistant Attorneys General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# MEMORANDUM OPINION

Defendant Reginald Holmes argues, the Attorney General concedes, and we concur that the abstract of judgment in Holmes's case erroneously includes enhancements that the superior court struck when it resentenced Holmes. Because this appeal raises no substantial issue of law or fact, we dispose of it by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1).

On February 6, 2015, a jury convicted Holmes of two counts of first degree murder with special circumstances and one count of being a felon in possession of a firearm.[1] (Pen. Code,[2] §§ 187, subd. (a), 190.2, subd. (a)(3) & (15), 12021, subd. (a)(1).) The jury found true gang enhancement allegations (§ 186.22, subd. (b)(1)) as to each count. The jury also found true enhancement allegations that Holmes personally used a firearm (§ 12022.53, subd. (b)) as to both murders and personally and intentionally discharged a firearm (*id.*, subd. (c)) as to the murder charged in count 2.[3] In a bifurcated bench trial held after his jury trial, the court found that Holmes had served terms of incarceration for four prior convictions.

On March 19, 2015, the court imposed consecutive sentences on the three counts as follows: on the first murder

---

[1] The 2015 trial was a retrial; Holmes was originally convicted of these crimes in 2011, but we reversed based on evidentiary errors. (See *People v. Holmes* (June 3, 2013, B236128) [nonpub. opn.].)

[2] Unspecified statutory references are to the Penal Code.

[3] The jury found not true the allegation that Holmes personally and intentionally discharged a firearm (§ 12022.53, subd. (c)) in connection with the murder charged in count 1.

count, life without parole (LWOP) plus 10 years for intentional use of a firearm (§ 12022.53, subd. (b)) and an additional 10 years on the gang enhancement (§ 186.22, subd. (b)(1)); on the second murder count, LWOP plus 20 years for personal and intentional discharge of a firearm (§ 12022.53, subd. (c)), 10 years for intentional use of a firearm (§ 12022.53, subd. (b)) which was stayed under section 12022.53, subdivision (f), and 10 years on the gang enhancement (§ 186.22, subd. (b)(1)); and on the count for possession of a firearm by a felon, the midterm of two years doubled to four years due to a "serious or violent felony conviction[]" under section 1170.12, subdivision (c)(1), plus the midterm of three years on the gang enhancement (§ 186.22, subd. (b)(1)), five years for a prior conviction of a "serious felony" under section 667, subdivision (a)(1), and four years for having served four prior terms (§ 667.5, former subd. (b)) with one year stayed.

On December 12, 2022, the superior court found that Holmes was eligible for resentencing pursuant to section 1172.75.

At a November 3, 2023 hearing, the court suggested it was prepared to strike the firearm and gang enhancements on the murder counts, noting that "any enhancements" on the LWOP counts were "irrelevant" given the length of the LWOP sentences, but continued the matter to February 9, 2024 at the request of Holmes's counsel.

At the February 9, 2024 hearing, the court noted that "the People [are] pretty much conceding on everything . . . except the strike," which was a reference to Holmes's prior conviction for a "serious or violent felony conviction[]" within the meaning of section 1170.12, subdivision (c)(1), which resulted in his sentence for possession of a firearm by a felon being doubled. The court continued the matter to May 17, 2024.

At the May 17, 2024 hearing, the court stated, "I believe in our discussions on the last appearance which was February 9th the People indicated they have no objection based on [Holmes's] two LWOP sentences on counts 1 and 2," and the remaining issue related to the sentence for possession of a firearm by a felon. The prosecutor indicated the People did not oppose the court granting Holmes all the relief he sought on the firearm possession count. When Holmes's counsel requested to continue the matter so that Holmes could appear for the pronouncement of sentence, the court indicated Holmes's appearance was not required and stated, "there is no other relief. [Holmes] would basically be getting resentenced to all matters." Holmes's counsel reiterated his request, and the court continued the matter to June 28, 2024.

On June 28, 2024, Holmes's counsel indicated he understood the prosecution was agreeing to all the relief Holmes sought on the firearm possession count, so that the sentence on that count would be two years. The court responded, "so LWOP, LWOP plus a two-year determinate if the People were agreeable basically for the court to strike everything as [Holmes's counsel] just said." The prosecutor indicated he "[did not] have any problem with that."

"In a criminal case, judgment is rendered when the trial court orally pronounces sentence." (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.) The People rightly concede that "[t]he transcript of th[e May 17, 2024] proceeding affirmatively shows that the resentencing court did not impose either a gun or a firearm enhancement in connection with the LWOP sentences. . . . Additionally, the . . . transcript of [the] . . . proceeding held on November 3, 2023, shows that [the] court's failure to mention the enhancements was not by accident because

4

it considered any enhancements on the LWOP counts to be 'irrelevant.' "

Despite the court's striking of the enhancements, the abstract of judgment filed on July 9, 2024 reflects that the court imposed the same enhancements included in the 2015 sentence under sections 186.22, subdivision (b)(1) and 12022.53, subdivisions (b) and (c). "It is well settled that '[a]n abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize.' " (*People v. Jones* (2012) 54 Cal.4th 1, 89.) Holmes and the Attorney General agree, and we concur, that the abstract of judgment should be modified to strike the enhancements. "When an abstract of judgment does not reflect the actual sentence imposed in the trial judge's verbal pronouncement, this court has the inherent power to correct such clerical error on appeal . . . ." (*Ibid.*)

## DISPOSITION

The judgment is affirmed. On remand, the superior court shall correct the abstract of judgment filed on July 9, 2024 to omit all section 186.22, subdivision (b)(1) and section 12022.53 sentencing enhancements, and shall forward the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

M. KIM, J.

6